[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the defendant's motion to disqualify the law firm of Fitzgerald, Gordon, Chinigo and Leone (Fitzgerald, Gordon) from representing the plaintiff in a motion to modify a dissolution decree.
About ten years ago, Attorney Paul Chinigo was a member of the law firm of Brown, Jacobson, Jewett and Laudone (Brown, Jacobson). At that time he represented the defendant in the present case in a criminal matter which arose out of a domestic violence allegation, which allegation also precipitated the dissolution action which the plaintiff now seeks to modify. Also, Brown, Jacobson represented the defendant in the dissolution CT Page 6454-A action. On November 18, 1986, a judgment dissolving the parties marriage was rendered.
Sometime thereafter, Attorney Chinigo left Brown, Jacobson and became a member Fitzgerald, Gordon. On November 4, 1996, the plaintiff, represented by Fitzgerald, Gordon, filed the motion to modify the decree with respect to custody of the parties' child. On November 12, 1996, the defendant moved to disqualify plaintiff's counsel.
The defendant offers two grounds for such disqualification. First, the defendant contends that Attorney Chinigo's representation of the defendant in the related criminal matter bars his firm from representing the defendant's opponent in the present litigation. Second, because Brown, Jacobson represented the defendant in the underlying dissolution case and because Attorney Chinigo was a member of that firm at that time, the defendant contends that Attorney Chinigo's new firm is prohibited from representing the plaintiff post judgment. The court agrees with the defendant as to the first ground and, therefore, need not address the second.
Rule 1.10 of the Rules of Professional Conduct indicates that when a lawyer associates with a new firm, that firm is precluded from representing any client whose interests are materially adverse to a client that that lawyer represented formerly if that CT Page 6454-B lawyer acquired information material to the matter at hand. Here, Attorney Chinigo represented the defendant in a criminal case which arose out of the same marital discord which prompted the dissolution action and which involved an allegation of domestic violence by the defendant against the plaintiff. The motion to modify custody seeks to remove the child from the custody of the defendant. Resolution of this motion will necessarily entail an analysis of the best interests of the child. A proclivity toward family violence is relevant to that analysis and testimony regarding the previous incident of alleged violence may be offered.
Presumably, when Attorney Chinigo represented the defendant, the lawyer and client freely discussed the defendant's version of events, either corroborating, contradicting, or supplementing the plaintiff's accusations. Confidential communications between the defendant and Attorney Chinigo are likely to have occurred. The defendant is understandably concerned that the plaintiff is now to be represented by his former attorney's firm.
Under rule 1.9 of the Rules of Professional Conduct, a lawyer is prohibited from representing a person whose interests are materially adverse to those of a former client in a related matter. As noted above, rule 1.10 applies this prohibition to the lawyer's new firm. The court holds that the criminal case in CT Page 6454-C which Attorney Chinigo represented the defendant is a substantially related matter to the dissolution and motion to change custody. The plaintiff concedes that the defendant and the plaintiff have materially adverse interest in the present litigation.
For these reasons, the motion to disqualify is granted.
Sferrazza, J.